the New York Company had complied with the laws of this State or not, and that it could sell these typewriters to the Illinois Company regardless thereof, and that appellant could not be heard to refuse to turn over the machines on any such ground. Appellee had a meritorious cause of action and appellant had no defense. We find no errors in rulings on the evidence or instructions, which would require us to reverse the judgment, as the proof warranted the jury in finding the value of the property as they did.

There were but three witnesses, and one of those only on a matter of identification of papers, and yet a record of over two hundred and eighty-eight pages is presented. The bill of exceptions contains at length many arguments made by the attorney for the appellant. These speeches had no proper place in the bill of exceptions, unless and only so far as error was to be assigned upon or grew out of said remarks. *People v. Chytraus,* 183 Ill. 190; *People v. Jones,* 103 Ill. App. 189. They are also presented at length in the very voluminous abstract. If the trial judge had struck them out of the bill of exceptions, the record and the abstract would have been much briefer and our labors much less.

The judgment is affirmed.

*Affirmed.*

---

**A. S. Hall, Appellee, v. Herbert D. Blakemore, Appellant.**

**Gen. No. 5,791.   (Not to be reported in full.)**

Appeal from the Circuit Court of Rock Island county; the Hon. Robert W. Olmsted, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

### Statement of the Case.

Replevin by A. S. Hall against Herbert D. Blake-

more to recover possession of a typewriter alleged to have been loaned defendant by plaintiff. The typewriter not having been found, the action was changed to trover. From a judgment in favor of plaintiff for forty dollars, defendant appeals.

J. T. & S. R. Kenworthy, for appellant.

Adair Pleasants, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

### Abstract of the Decision.

1. Trover, § 39*—*proof of plaintiff's ownership*. Plaintiff sufficiently proves his ownership by showing that he remitted the price thereof to the original owner, in the absence of proof that remittance had been returned or the transaction repudiated.

2. Trover, § 38*—*when affidavit in former replevin suit not competent*. An affidavit for replevin in a former suit by a different party not competent on issue of ownership.

3. Trover, § 38*—*when evidence of a prior suit inadmissible*. Evidence offered by defendant of a prior replevin suit brought against him by a different party for different property, *held*, inadmissible.

4. Appeal and error, § 1506*—*when exclusion of question on cross-examination, not reversible error*. Refusal of court to allow certain questions to be answered by a witness on cross-examination cannot be complained of where the party afterwards has opportunity to question the witness with reference thereto on direct examination and fails to do so.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.